UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LOUISE LOONEY, | : | 3:13cv1442 (WWE) |
|     Plaintiff, | : | |
| v. | : | |
| | : | |
| SPEEDEE WORLDWIDE | : | |
| CORPORATION , et al. | : | |
|     Defendants. | : | |
| | : | |
| v. | : | |
| | : | |
| MEVOTECH, INC. and BWP | : | |
| DISTRIBUTORS INC., | : | |
|     Third Party Defendants. | : | |

## RULING ON MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In this action, plaintiff Louise Looney filed suit against JAB Automotive and SpeeDee Worldwide Corporation, alleging a negligence claim pursuant to the Connecticut Product Liability Act ("CPLA") in connection with a motor vehicle accident. SpeeDee filed third party complaints against Mevotech and another corporation BWP Distributors, Inc. ("BWP"), asserting claims for contribution and indemnity. Mevotech has filed a motion to dismiss for lack of personal jurisdiction. For the following reasons, the motion to dismiss will be granted.

## Background

The following are the relevant jurisdictional facts that are reflected in the allegations of the complaint and exhibits attached to the briefs.

Third party defendant is a privately held Canadian corporation with a principal place of business in Toronto, Canada.

1

In Rhode Island, defendant SpeeDee installed the alleged defective control arm into the vehicle that was later in the accident at issue in this case. The part had been ordered from Carquest Auto Parts of Pawtucket, a BWP distributor located in Pawtucket, Rhode Island. The control arm was shipped from defendant Movotech's Canadian location to BWP's distribution center in Massachusetts.

At the time relevant to this action, Mevotech had placed advertisements in hard copy publications with a national circulation. Mevotech maintained a website and an online publication accessible to the public where individuals could view Mevotech's products, although Mevotech products could not be purchased online.

Mevotech was not registered in the state of Connecticut, did not have a certificate of authority to do business in Connecticut, and did not pay taxes in Connecticut.

Mevotech has made sales to Connecticut distributors. However, shipments to Connecticut made up approximately .13% of Mevotech's overall sales in 2011; .17% in 2012; .12% in 2013; and .18% through April 30, 2014. Mevotech did not have employees residing or domiciled in Connecticut.

## Discussion

To survive a pretrial motion to dismiss for lack of personal jurisdiction, a plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Kernan v. Kurz-Hastings, Inc., 175 F. 3d 236, 240 (2d Cir. 1999). The amenability of a nonresident to suit in a federal court in a diversity action is determined according to the law of the state where the court sits. Arrowsmith v. United Press Int'l, 320 F. 2d 219, 223 (2d Cir. 1963). In Connecticut, the court makes a two step inquiry. Bensmiller v.

E.I. Dupont de Nemours & Co., 47 F. 3d 79, 81 (2d Cir. 1995).  The court first determines whether the exercise of jurisdiction over the party is conferred by Connecticut's long arm statute.

If jurisdiction is permissible under the long arm statute, the court then determines whether the exercise of jurisdiction under the statute comports with the provisions of the Fourteenth Amendment's due process clause.  Metropolitan Life Insurance Company v. Robertson-CECO Corp., 84 F.3d 560, 567 (2d Cir.).  Either specific jurisdiction or general jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum. Milne v. Catuogno Court Reporting Svcs., Inc., 239 F. Supp. 2d 195, 203 (D. Conn. 2002).

"Where the claim arises out of, or relates to, the defendant's contacts with the forum—i.e., specific jurisdiction—minimum contacts exist where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there."  Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 305 F.3d 120, 127 (2d Cir. 2002).  General jurisdiction may be asserted regardless of whether the claim arises from the corporation's forum contacts only where these contacts are continuous and systematic.  U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd., 241 F.3d 135, 152 (2d Cir. 2001).

Finally, a court must also determine whether the assertion of personal jurisdiction comports with traditional due process notions of fair play and substantial justice or whether it is reasonable under the circumstances of a particular case.  International Shoe, 326 U.S. at 316.  Whether it is "reasonable" to exercise jurisdiction in a particular case depends on "(1) the burden that the exercise of jurisdiction will impose on the

3

defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies." Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d Cir. 1996).

Mevotech first argues that Speedee, as a non-resident defendant without a usual place of business in Connecticut, cannot sue a foreign corporation on the basis of Connecticut's long-arm statute, Connecticut General Statutes § 33-929(f), which provides:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:  (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Mevotech asserts further that personal jurisdiction in Connecticut is improper in accordance with the long-arm statute and the constitutional standards.

Regardless of whether SpeeDee may avail itself of the Connecticut long-arm statute or whether personal jurisdiction is permitted by that statute, the Court cannot

assert personal jurisdiction over Mevotech due to the constitutional constraint of the Fourteenth Amendment. Speedee does not seek to assert specific jurisdiction and cannot meet the threshold standard for a finding of general jurisdiction.  Relevant to general jurisdiction, a defendant corporation's affiliations with the state must be so continuous and systematic as to render the corporation "essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2853 (2011).  The place of incorporation and principal place of business are generally viewed as the paradigm bases for a corporation to be considered "at home."  See Brown v. CBS Corp., 19 F. Supp. 3d 390, 397 (D. Conn. 2014).  Recently, the United States Supreme Court observed that only in the exceptional case will general personal jurisdiction exist over a corporation in "a forum other than its formal place of incorporation or principal place of business."  Daimler AG v. Bauman, 134 S. Ct. 746, 754 (2014).   In Daimler, the Supreme Court instructed that general jurisdiction over a corporation "calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide . . . [and that a] corporation that operates in many places can scarcely be deemed at home in all of them."  Id. at 762 n.20.  The Supreme Court concluded that general jurisdiction over Daimler was not warranted despite the fact that Daimler had multiple facilities in California, was the largest supplier of luxury vehicles in the California market, and had California sales representing 2.4% of its worldwide sales.

     In this instance, Mevotech is not incorporated, headquartered or registered to do business in Connecticut; it maintains no facilities in Connecticut; and it retains no employees in Connecticut.  The percentage of Mevotech's Connecticut sales is

significantly smaller than that of Daimler's California sales.  With substantially less significant contacts with the forum State than those at issue in Daimler, the Court cannot find that Mevotech is "at home" in Connecticut.  Accordingly, the Court will grant the motion to dismiss for lack of personal jurisdiction over Mevotech.

## CONCLUSION

For the foregoing reasons, the motion to dismiss [doc. #59] is GRANTED.


_____/s/_____
Warren W. Eginton
Senior United States District Judge

Dated this 2d day of June, 2015 in Bridgeport, Connecticut.